**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TRILLO BROWN**                                                                 **MOVANT**

**v.**                                                                 **No. 1:03CR73-P**

**UNITED STATES OF AMERICA**                                                     **RESPONDENT**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the *pro se* motion by Trillo Brown to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The movant claims that the government violated the plea agreement by failing to file a motion under Rule 35 or 5K1.1 on the movant's behalf, and counsel rendered ineffective assistance at the sentencing hearing by failing to investigate that failure. The government has responded; the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant motion shall be dismissed.

### Facts and Procedural Posture

Brown was indicted March 22, 2003, on a single count of distributing in excess of five grams of crack cocaine on June 8, 2001, in violation of 21 U.S.C. § 841(a) and (b)(1)(B), with a statutory penalty of five to forty years. On November 4, 2003, the government filed an information under 21 U.S.C. § 851 declaring its intent to seek an enhanced penalty on the basis of a prior felony drug offense. The enhancement increased the penalty to ten years to life imprisonment.

Brown and his retained counsel signed a plea agreement filed December 17, 2003. Under the plea agreement, Brown appeared with counsel and entered a plea of guilty January 5, 2004. He was informed of the charge and the penalties, his rights, and the consequences of his guilty plea. During questioning by the court he acknowledged, under oath, his understanding. He confirmed the terms of the plea agreement and that his guilty plea was not the result of threats, coercion, or other

promises.  He agreed with the prosecutor's statement of the facts underlying the charge and entered a plea of guilty.  The court found that Brown was knowingly and voluntarily pleading guilty and accepted his plea.

Upon Brown's acceptance of the plea, the government moved to dismiss the enhancement information and the court granted the motion.  The movant appeared with counsel for sentencing April 7, 2004.  The defense disputed one criminal history point assessed in calculating Brown's criminal history category, but presented no evidence.  The court overruled the objection.  Brown raised no other objections at sentencing.

Brown's total offense level was 23, but his extensive criminal history placed him in a Category V, resulting in a guideline sentence range of 84 to 105 months imprisonment.  The court sentenced Brown to 105 months consecutive to the state sentence he was then serving.   The court entered judgment April 15, 2004.  The defendant did not appeal the judgment.  The instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was filed March 14, 2005.

The movant's primary claim is that the government breached the plea agreement by not filing a 5K1.1 or Rule 35 motion for assistance.  Brown's plea agreement, which he and his counsel signed, was filed with the court December 18, 2003, and provided that Brown would plead guilty to Count One of the Indictment and the government would not charge him with any other related offenses. Paragraph 3 provided that: "the defendant agrees to cooperate with the United States Attorney by giving full and truthful statements to such agents as are assigned by the United States Attorney to interview him as to all knowledge defendant may have of other persons involved in any way in the offenses charged and all other criminal offenses in any way and to

give full and truthful testimony about same before any federal grand juries and trial juries before

which defendant is subpoenaed . . . . The United States Attorney will make known to the Court

at the time of sentencing the nature and extent of all testimony and other cooperation . . . ."

> The plea agreement provided in paragraph 6:

> The United States Attorney, in his sole discretion, may before sentencing move the Court for a downward departure under § 5K1 of the Sentencing Guidelines based upon substantial assistance or may file after sentencing a Rule 35 motion to reduce sentence based on defendant's cooperation. The defendant understands that decisions whether to move the Court for a downward departure or to reduce sentence are entirely in the discretion of the United States Attorney . . . .

> The full plea agreement, including the foregoing provisions were read to the defendant on

the record at his change of plea hearing, and he was questioned under oath about it by the court:

> Do you agree with the statement that he made, or is there anything about the agreement, as he stated it, that you disagree with?

> No, sir, your honor.

> Do you agree wit it?

> Yes, sir.

Plea Tr. 13.

> In accordance with the plea agreement, the prosecutor advised the court at the sentencing

hearing that:

> Mr. Brown has met with members of the Mississippi Bureau of Narcotics in an effort to provide cooperation. It has not risen to the level of substantial assistance yet. However, we do anticipate that it will at some point in the future. He is providing cooperation with the person named in the pre-sentence report by the name of Berig Ivy. And he is also going to be having someone else providing cooperation on his behalf. So we anticipate filing a Rule 35 at some point in the future.

Sent. Tr. 10.

The plea agreement also contained the following provision:

8. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS.
Defendant Trillo Brown hereby expressly waives his rights to appeal the conviction and sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant Trillo Brown also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant Trillo Brown waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

The entire plea agreement was read to the defendant at the plea hearing, and he expressed unqualified agreement with it. In addition, the court questioned Brown specifically regarding his understanding of the waiver provision:

Do you understand that under the terms of the plea agreement – this is paragraph 8 of the plea agreement – you are waiving the right to appeal or collaterally attack either the fact of the conviction or the sentence or the way the sentence was imposed, and this includes, but is not limited to, the provisions under Title 18, United States Code, Section 3742. And that is dealing with the application of the sentencing guidelines. And you are also waiving your right to contest or collaterally attack the conviction or sentence or the manner in which the sentence was imposed by the federal habeas corpus under Title 28, United States Code, Section 2255. Do you understand that?

Yes, your honor.

Plea Tr. 15.

### Waiver of Appellate and § 2255 Review

When a review of the "record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement – and that he raised no question regarding a waiver-of-appeal provision – the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994), *cert. denied*, 513 U.S. 893 (1994). An informed voluntary waiver of post-conviction relief bars such relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.

1994); *see also United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). Trillo Brown waived his right to appeal or seek post-conviction relief. His waiver was knowing and voluntary. As such, Brown is barred from seeking such relief, and all his claims for relief shall be dismissed.

### *Booker* Not Applicable

Brown also contends the Court should review his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), "because of the lower amount of drugs involving his charge, and higher range sentenced the Court imposed." Brown does not clearly enunciate his rationale for applying *Booker* to this case, but, as *Booker* does not apply retroactively to initial § 2255 motions," this claim shall be dismissed, as well. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005).

In sum, all of the movant's claims are without merit, and the instant motion to vacate, set aside, or correct Brown's sentence shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of March, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE